IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MITCHELL SCOTT SIMPSON                                                    PLAINTIFF

              v.                        Civil No. 5:17-cv-05136

TROOPER GRANT EVANS,                                                    DEFENDANTS
Troop L, Arkansas State Police
Headquarters; JOHN DOE OFFICER,
Fayetteville Police Department; and
DEPUTY SHANNON SMITH,
Washington County Sheriff's Office

## OPINION

Plaintiff, Michael Scott Simpson, filed this action pursuant to 42 U.S.C. § 1983. He

proceeds *pro se* and *in forma pauperis*. Currently before the Court is the Motion to Dismiss (ECF

No. 13) for failure to state a claim filed by Separate Defendant, Deputy Shannon Smith, pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the Motion

to Dismiss.

## I.      BACKGROUND

Plaintiff filed the Complaint (ECF No. 1) on July 21, 2017, naming as Defendants, among

others, a John Doe Deputy of the Washington County Sheriff's Office and a John Doe Officer

of the Fayetteville Police Department. Plaintiff filed an Amended Complaint (ECF No. 7) on

August 2, 2017. He did not identify the John Doe Defendants in the Amended Complaint (ECF

No. 7). On August 17, 2017, Plaintiff filed a Motion to Add a Party (ECF No. 10). In the

Motion, Plaintiff identified the John Doe Deputy as Deputy Shannon Smith. The Motion (ECF

No. 10) was granted (ECF No. 11). Deputy Smith was substituted in place of the John Doe

Deputy and service was ordered on him (ECF No. 11).

According to the allegations of the Amended Complaint (ECF No. 7), on December 30, 2016, the Plaintiff had an accident on Highway 45 in front of the Goshen, Arkansas, fire station. The first officer at the scene was with the Goshen Police Department. According to Plaintiff, this John Doe Officer ran the Plaintiff's name through the Arkansas Crime Information Center (ACIC) and the National Crime Information Center (NCIC) databases to check for warrants. There were none.

Plaintiff alleges Trooper Grant Evans was the second officer to arrive at the scene and also checked for warrants. Once again, Plaintiff states the search came back indicating there were no warrants out for him. Plaintiff states the third officer on the scene was Deputy Brett Thompson and he also ran the Plaintiff's name and got the same results.

The fourth officer on the scene was the officer now identified as Deputy Smith. Plaintiff alleges that Deputy Smith: "gathers all the officers, deputies and trooper Grant Evans all in a crowd and talks to them, the next thing I know I'm being arrested and placed in the back of Trooper Grant Evans['] police vehicle under the name Michael Todd Simpson." (ECF No. 7 at 9).

Plaintiff alleges he was falsely arrested by Trooper Evans, placed in the back of his car, and later transferred to a Fayetteville Police Department vehicle and transported to the Washington County Detention Center (WCDC).

As relief, Plaintiff seeks compensatory and punitive damages.

## II.    LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III.    DISCUSSION

Deputy Smith argues that even accepting Plaintiff's allegations as true, the Amended Complaint fails to state facts showing that he conducted any wrongful activity or caused any alleged damage or injury. Deputy Smith points out that it is not alleged that he arrested, detained, or transported the Plaintiff. In fact, Deputy Smith points out the Amended Complaint does not even allege that he talked to the Plaintiff, asked him for his identification, ran his information through ACIC or NCIC, or made the decision to arrest the Plaintiff.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

The Amended Complaint fails to state an actionable civil rights claim against Deputy Smith. There are no factual allegations suggesting that he was personally involved in the alleged

false arrest.  Merely alleging Deputy Smith was at the scene of the accident and spoke with the other officers there does not equate to factual allegations suggesting what Deputy Smith allegedly did, or failed to do, that purportedly violated the Plaintiff's federal constitutional rights.  *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999).

IV.     **CONCLUSION**

For these reasons, Separate Defendant Shannon Smith's Motion to Dismiss (ECF No. 13) is  **GRANTED** and all claims against him are **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED this 13th day of October 2017.


/s/ P.K. Holmes III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE