IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MITCHELL SCOTT SIMPSON                                                    PLAINTIFF

     v.          Civil No. 5:17-cv-05136

TROOPER GRANT EVANS,                                                     DEFENDANTS
Troop L, Arkansas State Police
Headquarters; and GREG TABOR,
Chief of the Fayetteville Police Department

**OPINION**

Plaintiff, Michael Scott Simpson, filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Currently before the Court is the issue of whether the Amended Complaint (ECF No. 7) should be served on Greg Tabor, the Fayetteville Chief of Police.

Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Complaint, or any part of it, must be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

**I.    BACKGROUND**

Plaintiff filed the Complaint (ECF No. 1) on July 21, 2017, naming as Defendants, among others, a John Doe Deputy of the Washington County Sheriff's Office and a John Doe Officer of the Fayetteville Police Department. Plaintiff filed an Amended Complaint (ECF No. 7) on August 2, 2017. He did not identify the John Doe Defendants in the Amended Complaint (ECF No. 7). On August 17, 2017, Plaintiff filed a Motion to Add a Party (ECF No. 10). In the

1

Motion, Plaintiff identified the John Doe Deputy as Deputy Shannon Smith. The Motion (ECF No. 10) was granted (ECF No. 11). Deputy Smith was substituted in place of the John Doe Deputy and service was ordered on him (ECF No. 11). By Opinion (ECF No. 29) entered on October 13, 2017, Deputy Smith's Motion to Dismiss (ECF No. 13) was granted and he was dismissed from the action.

Plaintiff was then ordered (ECF No. 24) to provide the identity of the remaining John Doe Defendant. Chief Tabor (ECF No. 33) was identified by the Plaintiff. Chief Tabor was then substituted in place of the John Doe Fayetteville Police Officer by Order (ECF No. 37) entered on October 25, 2017.

According to the allegations of the Amended Complaint (ECF No. 7), on December 30, 2016, the Plaintiff had an accident on Highway 45 in front of the Goshen, Arkansas, fire station. The first officer at the scene was with the Goshen Police Department. According to Plaintiff, this John Doe Officer ran the Plaintiff's name through the Arkansas Crime Information Center (ACIC) and the National Crime Information Center (NCIC) databases to check for warrants. There were none.

Plaintiff alleges Trooper Grant Evans was the second officer to arrive at the scene and also checked for warrants. Once again, Plaintiff states the search came back indicating there were no warrants out for him. Plaintiff states the third officer on the scene was Deputy Brett Thompson and he also ran the Plaintiff's name and got the same results.

The fourth officer on the scene was the officer now identified as Deputy Smith. Plaintiff alleges that Deputy Smith: "gathers all the officers, deputies and trooper Grant Evans all in a crowd and talks to them, the next thing I know I'm being arrested and placed in the back of Trooper Grant Evans['] police vehicle under the name Michael Todd Simpson." (ECF No. 7 at

9).

Plaintiff alleges he was falsely arrested by Trooper Evans, placed in the back of his car, and later transferred by Trooper Evans and Chief Tabor to a Fayetteville Police Department vehicle. Chief Tabor then transported Plaintiff to the Washington County Detention Center (WCDC).

As relief, Plaintiff seeks compensatory and punitive damages.

## I.  LEGAL STANDARD

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## II.  DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

The Amended Complaint fails to state an actionable civil rights claim against Chief Tabor. There are no factual allegations suggesting that Chief Tabor was personally involved in the alleged false arrest. Chief Tabor is merely alleged to have transported the Plaintiff to the detention center. Plaintiff has made no factual allegations suggesting Chief Tabor violated his federal constitutional rights. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999).

## IV.  CONCLUSION

For these reasons, all claims against Chief Tabor are **DISMISSED WITHOUT PREJUDICE** prior to service of process in accordance with 28 U.S.C. § 1915A(a). Chief Tabor should be terminated as a Defendant.

IT IS SO ORDERED this 27th day of October 2017.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE