IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MITCHELL SCOTT SIMPSON                                                    PLAINTIFF

v.                            Civil No. 5:17-cv-05136

TROOPER GRANT EVANS,                                                      DEFENDANT
Troop L, Arkansas State Police
Headquarters

## OPINION AND ORDER

Plaintiff, Mitchell Scott Simpson, contends his Fourth Amendment rights were violated when he was arrested on a warrant for Michael Simpson. Currently before the Court is the Defendant's Motion for Summary Judgment (ECF Nos. 59-61).[1] Plaintiff filed a Response (ECF No. 70) to the Motion.

### I.   BACKGROUND

On December 30, 2016, the Plaintiff, Mitchell Simpson (Simpson) had an accident on Highway 45 in front of the Goshen, Arkansas, fire station. The Defendant, Trooper Grant Evans, responded to the scene. Trooper Evans asked for Simpson's driver's license. The license was suspended. Simpson was given citations for driving on a suspended license and for driving without liability insurance.

Trooper Evans then entered the information on the license--name, date of birth, and state of issuance--into the Arkansas Threat Level Assessment System (ATLAS), the computer system in the patrol vehicle. Trooper Evans states "[t]here were matching factors for an active warrant for Mitchell Simpson with an alias of Michael Simpson." (ECF No. 73 at 2). Trooper Evans

---

[1] Trooper Evans' affidavit was resubmitted to omit the name of an individual not connected to this case. *See* (ECF No. 73). No changes were made to the substance of the affidavit.

indicates the name and date of birth are the identifying factors relied upon during a traffic stop. (*Id.* at 3).

Trooper Evans then contacted dispatch to inquire about the warrant for Mitchell/Michael Simpson. (ECF No. 73 at 3). "The dispatcher confirmed that the individuals had the same date of birth and also confirmed [the] names and aliases." (*Id*). Both lived in Fayetteville, Arkansas. (*Id*). The dispatcher indicated the individual pictured was a white male who looked approximately fifty years old. (*Id*). Finally, the dispatcher confirmed the warrant was valid. (*Id*). Simpson concedes that he gave Trooper Evans a couple of wrong driver's license numbers during this encounter. (ECF No. 59-1 at 17).

Simpson was placed under arrest and transported to the Washington County Detention Center. (ECF No. 73 at 4). Simpson spent approximately thirty to forty-five minutes at the detention center while detention center personnel followed up on his claim that the warrant was not for him. (ECF No. 59-1 at 14). Simpson was then released. *Id.*

Trooper Evans and Simpson had never met prior to the date of arrest. (ECF No. 73 at 4). Trooper Evans had no personal knowledge of any incident involving Simpson's incarceration in Washington County. (*Id*).

In both 2013 and 2015 when Simpson was arrested, he gave the name of his brother, Michael Simpson,[2] his brother's date of birth, his brother's social security number, and his brother's driver's license number. (ECF Nos. 59-1 at 20-23). Simpson was criminally charged for having done so in each instance. *Id*.

---

[2] Simpson testified his brother's name is James Michael Simpson. (ECF No. 59-1 at 6).

2

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380 (2007).

## III. DISCUSSION

Trooper Evans contends he is entitled to summary judgment for two reasons. First, the official capacity claim against him is barred by sovereign immunity. Second, he is entitled to qualified immunity on the individual capacity claim.

### A. Official Capacity Claim

"Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Thus, Simpson's official capacity claim against Trooper Evans is a claim against the Arkansas State Police. *Id.* The Arkansas State Police is a state agency entitled to sovereign immunity. *See e.g., Simmons v. Marshall*, 369 Ark. 447, 451 (2007); *Coker v. Arkansas State Police*, 734 F.3d 838, 840 (8th Cir. 2013). Trooper Evans is entitled to summary judgment on the official capacity claim.

### B. Individual Capacity Claim—Qualified Immunity

When a defendant asserts qualified immunity at the summary judgment stage, the plaintiff must produce evidence sufficient to create a genuine issue of fact regarding whether the defendant violated clearly established law. *Johnson v. Fankell*, 520 U.S. 911, 915 (1997). Qualified immunity "is an *immunity from suit* rather than merely a defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). It entitles an individual to avoid the burdens of litigation and "is effectively lost if a case is erroneously permitted to go to trial." *Id.* Accordingly, it is important that the question of qualified immunity be resolved as early as possible in the proceedings. *O'Neil v. City of Iowa City*, 496 F.3d 915, 917 (8th Cir. 2007) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)); *see also Schatz Family ex rel. Schatz v. Gierer*, 346 F.3d 1157, 1160 (8th Cir. 2003).

Determining whether a defendant is entitled to qualified immunity requires a two-step inquiry. *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012). First, the court must determine whether the facts demonstrate a deprivation of a constitutional right. *Id.* (citing *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010)). If so, the court must decide whether the implicated right was clearly established at the time of the deprivation. *Id.* "To avoid summary judgment based on

4

qualified immunity, [Simpson] ha[s] to proffer sufficient evidence to find a violation of a Constitutional right, show the alleged right was clearly established at the time of the alleged violation, and raise a genuine issue of material fact about whether reasonable officers would have known their conduct would have violated this clearly established right." *Hill v. Scott*, 349 F.3d 1068, 1072 (8th Cir. 2003)(citation omitted).

In *Hill*, the Plaintiff, Brian Arthur Hill, an African American, was mistakenly arrested on a warrant issued for Brian Walter Hill. *Id*. at 1071. The two Brian Hills were only two years apart in age, one-inch difference in height, and twenty-five pounds difference in weight. *Id.* at 1072. Hill argued that Officer Scott should have known the other Brian Hill was Caucasian because the dispatcher said he had green eyes. *Id.* However, Hill conceded a small percentage of African Americans have green eyes. *Id.* Officer Scott advised the other officers there was a warrant for Hill and to place him under arrest. *Id.*

"The Fourth Amendment right of citizens not to be arrested without probable cause is clearly established." *Hill*, 349 F.3d at 1072 (citation omitted). To prevail, Simpson "must (1) show Trooper Evans had no probable cause to arrest him, and (2) raise a genuine issue of material fact about whether reasonable officers would have known Trooper Evans' conduct would have violated the Fourth Amendment." *Id.* (citation omitted).

The Eighth Circuit in *Hill,* looked to "similar cases where officers mistook the arrestee for the subject of the warrant. The rule in those cases is that a mistaken arrest based on a facially valid warrant does not violate the Fourth Amendment if the officers reasonably mistook the arrestee for the person named in the warrant." *Id.* (*citing Hill v. California*, 401 U.S. 797, 802 (1971)("When the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest")). The Eighth Circuit

5

concluded that "[g]iven the remarkably similar descriptions of the two Brian Hills, we find the officers were reasonable in mistaking one for the other." *Id.* at 1073 (*citing Brady v. Dill*, 187 F.3d 104, 114 (1st Cir. 1999)(noting mistakenly arresting person of a different race not unreasonable and stating that "courts have concluded with some regularity that relatively minor discrepancies in physical features or other data do not render unreasonable an arrest pursuant to a facially valid warrant"); *Johnson v. Miller*, 680 F.2d 39, 42 (7th Cir. 1982)(concluding police officer's misidentification arrest of a white woman pursuant to an arrest warrant for a black woman did not violate the Constitution)).

Simpson argues that there was never an active warrant for his arrest and that had Trooper Evans investigated further he would have discovered this. Simpson contends Trooper Evans never had probable cause to arrest him and there is no support for qualified immunity.

The Court disagrees. Here, the undisputed facts establish that: ATLAS showed there were matching factors for an active warrant for Mitchell Simpson with an alias of Michael Simpson; dispatch confirmed that Mitchell and Michael had the same date of birth and confirmed the aliases; both lived in Fayetteville; the individual pictured was a white male approximately fifty years old; there was a valid warrant; and Simpson gave Trooper Evans a couple of wrong driver's license numbers during the encounter. While not known to Trooper Evans at the time, Simpson had twice previously given his brother Michael's information when he was arrested.

As the Eighth Circuit noted in *Hill*:

> This is not a situation where Scott knew Hill was not the subject of the warrant, or where Scott knew further investigation would have revealed there was no warrant for Hill. This is a case whether further investigation would have cast doubt on whether Hill was the subject of the warrant. But that is always the case where an arrestee denies being the subject of a facially valid warrant; there can always be more investigation to verify identity. The question is, how much investigation does the Constitution require? In light of all the circumstances, we

6

> hold Scott had sufficient identifying information to reasonably conclude the warrant was for appellant Hill and no reasonable officer would have known failure to investigate further would violate the Fourth Amendment.

*Hill,* 349 F.3d at 1073-74.

This is precisely the situation here. Trooper Evans had enough information to reasonably conclude the warrant was for Simpson and no reasonable officer would have known failing to investigate further would violate the Fourth Amendment. Trooper Evans is entitled to qualified immunity.

### IV. CONCLUSION

For these reasons, the Motion for Summary Judgment (ECF No. 59) filed by Defendant Trooper Evans is **GRANTED and this case is DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED this 2nd day of November 2018.

*/s/ P.K. Holmes, III*
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE